UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TABITHA KNUDSEN,

    Plaintiff,

v.                                   CASE NO: 1:18-cv-00261
                                      HON.: GORDON J. QUIST

MATT KORZEK and JEFF CROFOOT,
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | MARK E. DONNELLY (P39281)<br>Assistant Attorney General<br>Attorney for Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>517-373-6434<br>517-373-2454-fax<br>donnellym@michigan.gov |
|---|---|

**JOINT STATUS REPORT**

    A Rule 16 Scheduling Conference (Telephonic) is scheduled for June 6, 2018 at 10:00 a.m., before the Honorable Ray Kent. Appearing for the parties as counsel will be:

    Shawn C. Cabot, Esq.                                    for Plaintiff

    Mark E. Donnelly, Esq.                                  for Defendants

**1.**    **<u>Jurisdiction:</u>**

    The basis for the Court's jurisdiction is 28 U.S.C. §1331 [federal question] and 28 U.S.C. §1343 [civil rights] for alleged violations of the Fourth Amendment (Excessive Force) against Defendants.

**2.**     **Jury or Non-Jury:**

This case is to be tried before a jury.

**3.**     **Judicial Availability:**

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**4.**     **Statement of the Case:**

**Plaintiff:**

Briefly, this case involves the unlawful use of force against Ms. Knudsen by Defendants, who were troopers with the Michigan State Police.  On March 22, 2016, while Plaintiff was inside her apartment with her boyfriend, James Nothnagel, Defendants arrived at her apartment to arrest Mr. Nothnagel.  Defendant Korzek knocked on Ms. Knudsen's apartment door; and when she opened the door, Defendant Korzek knocked Ms. Knudsen to the ground.  Then, Defendants entered Ms. Knudsen's apartment to effect the arrest of Mr. Nothnagel.

Suddenly, without any legal justification, Defendant Crofoot approached Ms. Knudsen; and without any warning whatsoever, hit Ms. Knudsen in the throat area, once again knocking her to the ground.  When Ms. Knudsen got up from the ground, she observed Defendants and Mr. Nothnagel leaving her apartment.  Just as Ms. Knudsen reached the doorway of the apartment, Defendant Crofoot slammed the door, nearly hitting Ms. Knudsen.

After Defendant Korzek told Defendant Crofoot that Ms. Knudsen had been recording the encounter, Defendant Crofoot stopped, turned around, and charged into Ms. Knudsen's apartment.  Defendant Crofoot then kicked Ms. Knudsen in the hip; and then pushed her, causing her to fall to the ground.  While on the ground, Defendant Crofoot jumped on top of Ms. Knudsen; punched her in the head; and put his hands around her throat.  Defendant Crofoot then grabbed Ms. Knudsen's

cell phone causing the recording to stop.  Defendant Crofoot, after dragging Ms. Knudsen around her apartment, handcuffed her; placed her up on her knees; forcefully pulled her arms away from her back; and kicked her in the middle of her back.  Defendant Korzek took no action whatsoever to intervene on Ms. Knudsen's behalf to stop this unwarranted and unlawful use of force.  Defendants then took Ms. Knudsen to the Manistee County Jail.  Ms. Knudsen suffered serious physical and psychological injuries as a result of this excessive force.

**Defendants:**

Defendants deny Plaintiff's factual allegations.  Knudsen interfered with the lawful arrest of her boyfriend, Nothnagel, pursuant to a felony warrant.  Only that force which was necessary to subdue Knudsen was used by Crofoot.  Crofoot did not use excessive force and Korzek observed no excessive force.  Knudsen later pleaded guilty to resisting and obstructing a police officer.

Defendants did not violate Knudsen's constitutional rights and are entitled to qualified immunity.

**5.     Prospects of Settlement:**

The status of settlement negotiations is:  No settlement demand has been made and no settlement negotiations have taken place.

**6.     Pendant State Claims:**

This case does not include pendant state claims.

**7.     Joinder of Parties and Amendment of Pleadings:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **August 13, 2018.**

**8.     Disclosures and Exchanges:**

(a)     Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders

otherwise. Plaintiff's initial disclosures will include all health professionals that treated her for the injuries she alleges she sustained because of the incidents set forth in the complaint. The parties propose the following schedule for Rule 26(a)(1) disclosures: **July 13, 2018.**

    (b)    The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by **September 10, 2108.** Defendants expect to be able to furnish the names of defendants' expert witness(es) by **October 10, 2018**.

    (c)    Reports, if required, should be exchanged according to the following schedule:

        Plaintiff's expert reports:        **December 27, 2018**

        Defendants' expert reports:        **February 6, 2019**

    (d)    The parties have agreed to make available the following documents without the need of a formal request for production: N/A.

**9.**    **Discovery:**

The parties believe that all discovery proceedings can be completed by **March 6, 2019.**

The subjects of which discovery will encompass are liability, causation, and damages. Discovery does not need to be conducted in phases, nor limited or focused on certain or specific issues. At this time, the parties do not anticipate the need to recommend any additional limitations on discovery. Furthermore, at the present time, the parties do not anticipate the need to modify the presumptive time limits imposed by Fed. R. Civ. P. 30(d)(1) regarding deposition time limits (one day of seven hours).

Defendants sent Plaintiff a request to produce on April 26, 2018 pursuant to Fed R Civ P 34. Plaintiff has not responded. It is Plaintiff's position that those discovery requests were premature and in violation of Federal Rule of Civil Procedure 26(d)(1) which states that "[a] party **MAY NOT** seek discovery from any source before the parties have conferred as required by Rule

26(f) . . ." (Emphasis added). At the time Defendants served their discovery the parties had not conferred and the Scheduling Conference with the Court had not been commenced.

10.     **Disclosure or Discovery of Electronically Stored Information:**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties anticipate that most discovery will be produced in paper format. Should one party request the production of electronically stored information ("ESI") and if there exists any ESI responsive to a party's discovery request, the parties agree to negotiate in good faith over: (1) the form of the production (ESI, paper, or both); (2) whether any ESI will be produced in its native format or some other searchable format; (3) the expected volume of such production; (4) the need for and use of a third-party vendor to assist in the retrieval, search and/or production of ESI; (5) whether search terms should be used to limit or refine the ESI to be produced, and if so; (6) the search terms and methodologies to be employed.

11.     **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

The Parties agree that the presumptive procedures of Federal Rule of Civil Procedure 502 govern inadvertent disclosure.

12.     **Motions:**

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following motions are contemplated by each party: Motion for Summary Judgment. The parties anticipate that all dispositive motions will be filed by **April 8, 2019.**

**13.** **Alternative Dispute Resolution:**

In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. The parties believe that voluntary facilitative mediation would be the most appropriate type of alternative dispute resolution, and that it stands the greatest likelihood of success. Therefore, the parties recommend that the case be submitted to the following method of alternative dispute resolution: voluntary facilitative mediation. The parties prefer that voluntary facilitative mediation occur after the Court rules on the Motion for Summary Judgment; as this will be the most effective because the parties will know exactly where they stand on the issues in the case.

**14.** **Length of Trial:**

Counsel estimate that the trial will last approximately 4 days total, allocated as follows: 2 days for Plaintiff's case; and 2 days for Defendants' case.

**15.** **Electronic Document Filing System:**

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

## 16. **Other:**

None, at this time.

Respectfully Submitted,

| | |
|---|---|
| /s/ Shawn C. Cabot | /s/ Mark E. Donnelly |
| Shawn C. Cabot (P64021) | Mark E. Donnelly (P39281) |
| Attorney for Plaintiff | Attorney for Defendants |